IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                    CASE NO. 4:19-cr-00578-DPM

ANTWANE NELSON                                                   DEFENDANT

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO SUPPRESS PHYSICAL EVIDENCE**

I. **The Initial Contact Constituted a Seizure Given That Law Enforcement Demanded to See the Charger's Registration.**

Here, there can be no doubt that officers' initial contact constituted a seizure rather than some sort of consensual encounter. Every case cited by the United States in its response is distinguishable because none of those cases involved officers demanding to see the driver's vehicle registration as occurred in this case, as they did here.

An officer's inspection of an automobile's registration is one of the "ordinary inquiries" associated with (and permitted during) a traffic stop. *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015). This factors weighs heavily in favor of the initial contact constituting a seizure.

II. **Law Enforcement Did Not Have Reasonable Suspicion to Seize Nelson.**

Merely occupying a car in near an address that is allegedly associated with drug activity is insufficient to give law enforcement reasonable suspicion to detain

that individual. Officers were purportedly conducting surveillance in the area, and yet they did not notice anything tying Nelson to drug activity. Rather, they saw him helping two women with their groceries. The seizure was unlawful from the get-go accordingly.

The United States's bare allegation of an informant's "information regarding drug activity" has no significance, as police noted *nothing* to corroborate this allegation prior to seizing Nelson.

### III. The United States Puts the Cart Before the Horse in Arguing that Evidence Discovered After the Seizure and Search at Issue Gave Officers a Lawful Basis to Conduct that Seizure and Search in the First Place.

The United States argues that the officers' observations after seizing Nelson and demanding his registration justified the seizure in the first place. Doc. 23 at 8-9, 11.

Similarly, the United States argues that the "items found within the vehicle further support the conclusion that the vehicle was Nelson's." Doc. 23 at 13. However, as the United States notes in its Response, officers must have a reasonable belief that the vehicle is a parolee's *prior to* search and seizure. Doc. 23 at 13 (citing *United States v. Reed*, 921 F.3d 751, 755 (8th Cir. 2019)). It is indisputable that the items discovered during the search at issue were not known to law enforcement prior to that search. The Government's position is untenable accordingly.

Similarly, the Government points to an affidavit of an individual submitted by defense counsel in the past few months as further proof that the vehicle at issue was Nelson's for purpose of the waiver statute. Doc. 23 at 13-14. But again, this information was not known to officers at the time of the search, and as such has absolutely no bearing on the issues before this Court in Nelson's motion to suppress.

The issue is not whether Nelson was in constructive possession of the alleged contraband—that is a factual issue to be decided by a jury at trial, should this Court deny Nelson's motion to suppress—but rather whether law enforcement had reasonable suspicion that Nelson was engaged in criminal activity and/or that the vehicle was Nelson's *at the time of* the search and seizure at issue.

At the time of the seizure and search at issue, law enforcement had no more information beyond Nelson occupying a vehicle in front of a house that an informant allegedly told police was involved with drug activity. This was insufficient to justify the seizure at issue.

### IV. Nelson is Unable to Contest Certain Items in the United States' Response Because They Were Not Provided in Discovery.

The United States avers that "Nelson's neighbor told officers that Nelson had been living at 1600 Booker Street for two months." Doc. 23 at 4. This is the first defense counsel has heard about an alleged neighbor making statements to police. There has been no prior disclosure even mentioning a neighbor.

Either way, such information is irrelevant to the issues at play in this case. What matters if whether law enforcement had reasonable *at the time of the seizure*. Information gleaned after the seizure is immaterial in determining whether there was sufficient information to conduct the seizure in the first place. Again, the United States places the cart before the horse.

V. **The Arkansas Cases Cited by the Government Predate Ark. Code Ann. § 16-93-106 and Involved a Different Warrantless-Search Condition, and Are Inapplicable Accordingly.**

The United States avers that "the Arkansas Supreme Court has rejected the argument that the consent provided by the search waiver was invalid where a defendant was not present at the search and officers did not request that the comply with the search." Doc. 23 at 12 (citing *McFerrin v. State*, 344 Ark. 671, 679 (2001)). The United States also cites to *Hatcher v. State*, 2009 Ark. App. 481, in support of its position.

However, neither *McFerrin* nor *Hatcher* is applicable, as the parole conditions in those cases involved different language than the one here, and because both cases predate Ark. Code Ann. § 16-93-106, which was enacted in 2015. Ark. Act 895 of 2015.

Even if this Court accepts the United States' argument that officers were not required to request consent to search the car despite the express terms of the waiver condition requiring such, it does not change that the car was not Nelson's "vehicle"

4

for purposes of waiver statute. As the United States correctly notes, the car was actually registered to Nelson's mother, who is not on parole and never agreed to random, suspicion-less searches of her car or other property.

Under any theory, and at every turn, the seizure and search were unlawful.

### VI. Officers Did Not Conduct the Search in a "Reasonable Manner" as Required by Ark. Code Ann. § 16-93-106(a)(2).

Ark. Code Ann. § 16-93-106(a)(2) requires that a "warrantless search that is based on a waiver required by this section shall be conducted in a reasonable manner . . . ." Here, officers violated this provision by seizing Nelson—a person they did not know to be on parole at the time—simply for occupying a car in an allegedly high-crime area near a home allegedly involved in drug trafficking. Despite ultimately determining that the car belonged to his mother rather than him, officers conducted a search pursuant to Nelson's parole waiver anyway. The search was not conducted in a reasonable manner accordingly.

### VII. The Fact That Officers Noted in Their Reports That They Conduct the Search Pursuant to Nelson's Waiver Shows They Did Not Believe They Had Reasonable Suspicion to Search the Car at Issue.

Officers were very clear that they only conducted the search at issue based on Nelson's waiver, and not based on any alleged reasonable suspicion or probable cause. The Government's position that the officers had reasonable suspicion to justify the seizure is untenable accordingly.

WHEREFORE, the Defendant Antwane Nelson respectfully requests that this Court enter an order granting his motion to suppress physical evidence.

        Respectfully submitted,

        Michael Kiel Kaiser
        MICHAEL KIEL KAISER (AR2015001)
        Attorney for Defendant
        Lassiter & Cassinelli
        813 W 3rd Street
        Little Rock, AR 72201
        (501) 370-9300
        Email: Michael@LCArkLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 20, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to AUSA Edward O. Walker (Edward.O.Walker@USDOJ.gov)

        Michael Kiel Kaiser
        MICHAEL KIEL KAISER (AR2015001)